**Adi YANUAR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 06–2732–ag.

United States Court of Appeals, Second Circuit.

Dec. 19, 2006.

H. Raymond Fasano, New York, NY, for Petitioner.

Gregory R. Miller, United States Attorney for the Northern District of Florida, E. Bryan Wilson, Assistant United States Attorney, Tallahassee, FL, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Adi Yanuar, a native and citizen of Indonesia, seeks review of a May 11, 2006 order of the BIA denying his motion to reopen removal proceedings. *In re Adi Yanuar,* No. A95 872 956 (B.I.A. May 11, 2006). Previously, the BIA had affirmed the January 14, 2004 decision of Immigration Judge ("IJ") Annette S. Elstein denying his applications for asylum and withholding of removal. *In re Adi Yanuar,* No. A95 872 956 (B.I.A. Dec. 23, 2005), *aff'g* No. A95 872 956 (Immig. Ct. N.Y. City Jan. 14, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA denied Yanuar's motion to reopen the proceedings on the ground that he failed to offer material evidence that was not available and could not have been discovered at the time of his prior hearing. We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (internal citations omitted).

The BIA did not abuse its discretion in finding that Yanuar did not present material evidence that was not available and could not have been discovered or presented at the former hearing. *See* 8 C.F.R. § 1003.2(c); *INS v. Abudu,* 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Although the BIA has a "duty to explicitly consider any country conditions evidence submitted by an applicant that *materially* bears on his claim," *Poradisova v. Gonzales,* 420 F.3d 70, 81 (2d Cir.2005) (emphasis added), the primary new evidence on which Yanuar relied was the 2004 State Department Report. While there were some changes between the 2004 report and earlier reports, the 2004 report stated, in pertinent part, that "[t]here was no change in the status of respect for religious free-

dom during the period covered by the report." Although the petitioner did submit other new articles detailing instances of religious tension and terrorism in Indonesia, the IJ was on notice at the January 2004 hearing of a recurring cycle of Muslim–Christian violence in Indonesia based on the 2002 State Department report and other articles previously submitted. Therefore, the BIA did not abuse its discretion in concluding that Yanuar failed to present material evidence that suggested that there had been some deterioration in the treatment of Chinese Christians in Indonesia between his January 2004 hearing and his March 2006 motion.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the motion previously granted for a stay of removal in this petition is VACATED.