**Susanta Malyadartini TEDJO, Popo Revan, Evelyn Kwong, Yudhi Sutanto Tan, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

Nos. 06–1974–ag (L), 06–1975–ag (con), 06–1976–ag (con), 06–1978–ag (con).

United States Court of Appeals, Second Circuit.

Jan. 19, 2007.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioners.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois,

Gayle E. Littleton, Craig A. Oswald, Assistant United States Attorneys, Chicago, IL, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. WALKER, and Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Petitioners Susanta Malyadartini Tedjo, Popo Revan, Evelyn Kwong, and Yudhi Sutanto Tan, all natives and citizens of Indonesia, seek review of the March 27, 2006 orders of the BIA affirming the October 26, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch denying petitioners' applications for asylum and withholding of removal. *In re Susanta Malyadartini Tedjo, et al.,* Nos. A95 869 869, A95 869 870, A95 869 871, A95 869 872 (B.I.A. Mar. 27, 2006), *aff'g* Nos. A95 869 869, A95 869 870, A95 869 871, A95 869 872 (Immig. Ct. N.Y. City Oct. 26, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that expressly adopts the IJ's reasoning and conclusions, this Court reviews the IJ's decision directly. *See Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005);

*Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review questions of law and application of law to undisputed fact *de novo. See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000).

■ The IJ pretermitted petitioners' asylum applications because they failed to file the applications within one year of entry into the United States, and they failed to establish that either changed or extraordinary circumstances justified the untimely filing. The Immigration and Nationality Act states, in pertinent part, that "[n]o court shall have jurisdiction to review any determination of the Attorney General" concerning the timeliness of an alien's application for asylum. 8 U.S.C. § 1158(a)(3); *see id.* § 1158(a)(2)(B). In interpreting this provision, this Court has held that it lacks jurisdiction to review the petitioner's asylum claim as it relates to "the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion and raises neither a constitutional claim nor a question of law." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006). In this case, the petitioners do not even acknowledge that the IJ pretermitted their asylum applications. In fact, the brief written by Attorney Fasano specifically states that there is no one-year bar issue in this case. The petitioners have not raised any constitutional claims or questions of law related to the agency's one-year bar finding, and as a result, this Court lacks jurisdiction over the asylum claims.

■ Even though this Court lacks jurisdiction over the petitioners' asylum claims, we can review the denial of their withholding of removal claims. *See Xiao Ji Chen,* 471 F.3d at 332 (stating that "eligibility for withholding of removal is not subject to 8

U.S.C. § 1158(a)(2)(B)'s one-year bar and, accordingly, must be considered by the BIA regardless of the timeliness of the initial asylum request"). Petitioners argue that the IJ erred in failing to find that the past harm they suffered in Indonesia rose to the level of persecution. However, petitioners did not raise any arguments regarding their past persecution claim to the BIA, and in fact, specifically stated that their "claim for political asylum is based upon their fears of future persecution in light of their ethnicity and their religious beliefs." Because of this explicit waiver, we do not believe that the BIA considered this finding. We therefore lack jurisdiction to review it. 8 U.S.C. § 1252(d)(1); *see Gill v. INS,* 420 F.3d 82, 86 (2d Cir. 2005) (holding that § 1252(d)(1) bars the consideration of "bases for relief that were not raised below, and of general issues that were not raised below"); *see also Theodoropoulos v. INS,* 358 F.3d 162, 171 (2d Cir.2004) (discussing 8 U.S.C. § 1252(d) and noting that this Court must make sure that the agency has "a full opportunity to consider a petitioner's claim before they are submitted for review by a federal court").

 Regarding the clear probability of future persecution claim, the agency reasonably considered the evidence in the record in determining that the petitioners failed to meet their burden of proof. As the IJ acknowledged in his decision, the documents describe some of the specific instances of violence against Christians and ethnic Chinese over the last several years in Indonesia. However, these documents describe incidents that occurred several years before the petitioners' hearing. Moreover, the more recent reports from the U.S. Department of State indicate that the Indonesian government has

made significant progress in "cracking down" on religiously-motivated violence. Although the government has occasionally tolerated religious related attacks, the overall sense from the reports is that the government is making an effort and the number of attacks has significantly decreased. Overall, the most recent reports indicate that violence against Christians has decreased within the last several years, and the Indonesian government generally respected its citizens' rights to adhere to their respective religions. The only evidence that petitioners submitted in support of their ethnicity claim were documents discussing the 1998 riots in Jakarta and their after-effects. The IJ was reasonable in determining that these documents, because of their timing and specificity to a particular event, were insufficient for petitioners to establish a likelihood of persecution in Indonesia on account of their ethnicity. Accordingly, the information contained in the reports is insufficient to compel a finding that it is "more likely than not" that petitioners would be persecuted on account of either their religion or ethnicity if they returned to Indonesia. *INS v. Stevic,* 467 U.S. 407, 424, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984).

Petitioners argue that this Court should follow the Ninth Circuit's decision in *Sael v. Ashcroft,* 386 F.3d 922 (9th Cir.2004), which granted asylum to an ethnic Chinese woman from Indonesia. The Ninth Circuit reached its conclusion after determining that Sael proved that she suffered discrimination in Indonesia on account of her Chinese ethnicity, and that ethnic Chinese were a "disfavored group" in Indonesia. *Sael,* 386 F.3d at 925–27. First, this case is not binding on this Court, and as explained above, the IJ properly reasoned through the information in the record in

determining that petitioners would not likely face persecution upon return to Indonesia. In addition, *Sael* addressed whether the petitioner had met her burden of proof for asylum, whereas here, the only claim this Court can review is the withholding of removal claim, which has a higher burden. *See Kyaw Zwar Tun v. I.N.S.*, 445 F.3d 554, 564–65 (2d Cir.2006); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). Accordingly, we agree with the IJ that petitioners failed to meet their burden of proof regarding their withholding of removal claims.

 Although this Court has the authority to extend petitioners' voluntary departure periods, *see Thapa v. Gonzales*, 460 F.3d 323, 328–34 (2d Cir.2006), petitioners have waived this right by failing to file a motion for a stay of the voluntary departure order, *see Iouri v. Ashcroft*, 464 F.3d 172, 178–83 (2d Cir.2006).

Accordingly, the petitions for review are DISMISSED for lack of jurisdiction with respect to petitioners' asylum claims and DENIED with respect to their withholding of removal claims. The pending motions for a stay of removal in these petitions are DISMISSED as moot.