**Fnu HENDRIK, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–6275–ag.

United States Court of Appeals,
Second Circuit.

Feb. 5, 2007.

H. Raymond Fasano, Madeo & Fasano, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois; Craig Oswald, Kruti D. Trivedi, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROSEMARY S. POOLER, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Fnu Hendrik, a citizen of Indonesia and ethnic Chinese Christian, seeks review of an October 26, 2005 order of the BIA denying Hendrik's motion to reopen his removal proceedings. *In re Fnu Hendrik*, No. A 96 423 912 (B.I.A. Oct. 26, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001).

Here, the BIA did not abuse its discretion in finding that Hendrik failed to present material evidence that was not available and could not have been discovered or presented at the former hearing to demonstrate that conditions in Indonesia had worsened. *See* 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu*, 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). The BIA properly observed that many of the documents Hendrik submitted in support of his motion were not previously unavailable as they pre-dated his December 2003 merits hearing. Moreover, the BIA did not err in finding that those documents that post-dated the hearing failed to establish a material change in country conditions. The 2004 State Department International Religious Freedom Report stated, in pertinent part, that "[t]here was no change in the status of respect for religious freedom during the period covered by the report." Although Hendrik submitted more recent

articles detailing instances of religious tension and terrorism in Indonesia, the BIA's determination that such evidence showed continued religious turmoil rather than deteriorated conditions in Indonesia was not unreasonable.

Such determination, moreover, is dispositive of Hendrik's assertion that changed conditions had given rise to a "pattern or practice" of persecution against Chinese and Christians in Indonesia, *see* 8 C.F.R. § 208.16(b)(2), and renders meritless his contention that the BIA failed to address this point. *But cf. Sael v. Ashcroft,* 386 F.3d 922, 925–27 (9th Cir.2004) (finding Chinese Christians in Indonesia to be a "disfavored group" and accordingly requiring lesser showing of individualized fear of persecution).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).