**Yanri SUBEKTI, Anies Dharmawati, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 05–6427–ag.

United States Court of Appeals, Second Circuit.

Feb. 5, 2007.

H. Raymond Fasano, Madeo & Fasano, New York, New York, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas, Judy Robbins, Assistant United States Attorney, Houston, Texas, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioners Yanri Subekti and Anies Dharmawati, natives and citizens of In-donesia, seek review of a November 7, 2005 order of the BIA denying their motion to reopen removal proceedings. *In re Yanri Subekti and Anies Dharmawati*, Nos. A97 152 404, A97 152 405 (B.I.A. Nov. 7, 2005). Previously, the BIA had affirmed the July 29, 2004 decision of Immigration Judge ("IJ") Gabriel C. Videla denying petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Yanri Subekti and Anies Dharmawati*, Nos. A97 152 404, A97 152 405 (B.I.A. June 23, 2005), *aff'g* Nos. A97 152 404, A97 152 405 (Immig. Ct. N.Y. City July 29, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (citations omitted).

The BIA did not abuse its discretion in finding the evidence submitted with Subekti's and Dharmawati's motion insufficient to warrant reopening. Subekti failed to explain adequately why he could not have presented evidence of his party membership or a letter from his father at the time of his hearing. *Cf.* 8 C.F.R. § 1003.2(c)(2) (requiring an applicant to support a motion to reopen with material, previously unavailable evidence). He also failed to explain how country conditions relevant to him and Dharmawati in partic-ular had changed since the time of his hearing. Subekti's asylum claim was not initially based on his religion; however, in

95

his motion he claimed that the rise of Islamic fundamentalism had led to increased violence against Christians, as well as against "moderate" Muslims such as himself and Dharmawati. The reports and articles that petitioners submitted, however, focused almost entirely on violence perpetuated against Christians, and contained little or no evidence suggesting that there had been an increase in violence against moderate Muslims. The BIA therefore did not abuse its discretion in finding that the supporting evidence was not "highly probative of the [petitioners'] particular claims." The argument in their brief to this Court, that the escalating violence against Christians in Indonesia "logically" extends to moderate Muslims, is not supported by the record, and is insufficient to compel overturning the BIA's reasonable conclusion.

Finally, we feel compelled to express our concern about the quality of representation provided by petitioners' attorney, H. Raymond Fasano. A substantial part of the argument section in this brief appears to have been taken from briefs that Fasano has presented in other cases before this Court involving Indonesian asylum applicants. *See Tedjo v. Gonzales, et al.,* 214 Fed.Appx. 69 (2d Cir.2007); *Yanuar v. Gonzales,* 209 Fed.Appx. 76 (2d Cir.2006); *Hendrik v. Gonzales,* 216 Fed.Appx. 91, 2007 WL 449682 (2d Cir.2007). While we recognize that some recycling of boilerplate language in briefs may be inevitable, Fasano appears to have made little effort to distinguish the situation of Subekti and Dharmawati, who are Muslims, from those of the petitioners in the other cases, who are ethnic Chinese Christians. Counsel is warned that continuing conduct of this nature could result in the initiation of disciplinary proceedings against him. *See* FED. R.APP. P. 46(b), (c).

For the foregoing reasons, the petition for review is DENIED. The pending mo-

tions for a stay of removal in this petition are DISMISSED as moot.