Victor OCTAVIANUS, Petitioner,

v.

Alberto R. GONZALES, Attorney General of the United States, Respondent.

No. 06–4894–ag.

United States Court of Appeals, Second Circuit.

Sept. 4, 2007.

H. Raymond Fasano, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Dimitri N. Rocha, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Victor Octavianus, a native and citizen of Indonesia, seeks review of the September 25, 2006 order of the BIA affirming the May 19, 2005 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz pretermitting his application for asylum, and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Victor Octavianus,* No. A96 257 395 (B.I.A. Sept. 25, 2006), *aff'g* No. A96 257 395 (Immig. Ct. N.Y. City, May 19, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings under the substantial evidence

standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

Because Octavianus's brief to this Court waived any challenge to the agency's pretermission of his asylum claim and its denial of CAT relief, we deem any such arguments abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Regarding the agency's denial of his application for withholding of removal, we find that it was supported by substantial evidence.

Octavianus argues that the BIA and IJ failed to consider the cumulative significance of his past experiences. However, Octavianus does not identify a particular part of the BIA's or IJ's rulings in which the alleged incidents were evaluated in isolation and deemed insufficient to amount to persecution on their own. *Cf. Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289–91 (2d Cir.2007). To the contrary, after summarizing Octavianus's testimony, the IJ stated in her decision—which the BIA agreed with "for the reasons stated therein"—that she "[did] not find that the *incidents* that [Octavianus] spoke of would rise to the level of persecution" (emphasis added). This sentence indicates that the agency properly considered Octavianus's alleged instances of past harm in the aggregate. *See Manzur,* 494 F.3d at 289–91. To the extent that Octavianus argues that the agency failed to adequately consider certain alleged incidents, this argument is without merit

where the IJ provided a comprehensive summary of the testimony provided. *But cf. Tian–Yong Chen,* 359 F.3d at 128. While the events that Octavianus described were unfortunate, the agency did not err in determining that they did not constitute persecution.

Regarding a future threat to his life or freedom, Octavianus alleges that he need not show that he will be singled out for such harm because the evidence of record demonstrates a "pattern or practice of persecution" of ethnic Chinese Christians in Indonesia. *See* 8 C.F.R. § 1208.16(b)(2)(i). However, as the government points out, his argument relies entirely on country reports that are not found in the record. This Court lacks the authority to consider additional evidence that was not previously considered by the agency. *See* 8 U.S.C. § 1252(b)(4)(A) (noting that this Court's review is statutorily limited to "the administrative record on which the [challenged] order of removal is based"). Because Octavianus offered no evidence supporting his "pattern or practice of persecution" claim, the BIA did not err in failing to consider this argument. Additionally, we note that the BIA has previously concluded that while reports on conditions in Indonesia indicate that there are " 'instances of discrimination and harassment' " against ethnic Chinese Christians, such reports "do[ ] not describe persecution so systemic or pervasive as to amount to a pattern or practice of persecution." *Matter of A–M–,* 23 I. & N. Dec. 737, 741 (BIA 2005).

Moreover, although Octavianus did not challenge the finding in his brief to this Court, the agency properly concluded that his fear of a future threat to his life or freedom was undermined by the fact that his family remains in Indonesia without apparent incident. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999);

*see also In re A–E–M–*, 21 I. & N. Dec. 1157, 1159–60 (BIA 1998).[1]

Finally, we note that Octavianus's attorney, H. Raymond Fasano, submitted a brief of poor quality that, *inter alia,* did not meaningfully address any of the actual bases for the agency's decisions, waived one of the categories of relief the agency denied, and utterly failed to acknowledge the agency's pretermission of Octavianus's asylum claim. We have previously warned Mr. Fasano that the continued submission of briefs consisting largely of boilerplate language not tailored to address the actual circumstances of a petitioner's case could result in discipline. *See, e.g., Subekti v. Gonzales,* 216 Fed.Appx. 93, 95 (2d Cir. 2007) (Summary Order). Here, again, the brief he has submitted is seriously deficient. Accordingly, we are referring the matter to this Court's Committee on Admissions and Grievances.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**1.** In *Uwais v. United States Attorney General,* 478 F.3d 513, 519 (2d Cir.2007), this court recently stated that "the fact that a family member who has also been threatened chooses to remain in the home country or not to apply for asylum should generally not be used to impugn an applicant's claim." But *Uwais*'s limit on the inferences to be drawn from a family member's decision not to flee does not prevent IJs from considering whether such persons are subjected to any harm. Accordingly, the absence of any continuing harm to Octavianus's family supports the agency's decision.